# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THERESA A. JONES,**

          **Plaintiff,**

**-vs-**                                                                 **Case No.  6:06-cv-1355-Orl-28KRS**

**CMS OF CENTRAL FLORIDA, INC.,**
**CARMINE MCWEENEY,**

          **Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, AND MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 27)** |
| **FILED:** | **July 6, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq.*

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh

Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages, or when the district court enters

a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

On August 16, 2007, I held a hearing to consider the fairness of the settlement. At the hearing, counsel for Plaintiff Theresa Jones explained Jones' initial estimate of the amount of compensation due was revised after review of voluminous records produced by the defendants. The attorneys worked many hours trying to reconcile the records in an effort to determine the compensation owed to Jones. Under the settlement agreement, Jones will receive the full amount of compensation to which she is entitled under the FLSA. Accordingly, I conclude that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354.

I respectfully recommend that the Court approve the settlement agreement submitted with the joint stipulation, doc. no. 27-2, and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 16, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy